```
     IN THE UNITED STATES DISTRICT COURT FOR THE
             EASTERN DISTRICT OF OKLAHOMA
```

MILLARD LANCE LEMMINGS,          )
a minor, by and through his      )
parents and next friends,        )
ANGELA KILE and JODY LEMMINGS;   )
and ANGELA KILE, Individually;   )
and JODY LEMMINGS,               )
Individually,                    )
                                 )
          Plaintiffs,            )
                                 )
v.                               )   Case No. CIV-00-404-KEW
                                 )
UNITED STATES OF AMERICA;        )   **SEALED**
COMPHEALTH, INC., f/k/a          )
C.H.S., INC., a Delaware         )
corporation; COMPHEALTH          )
MEDICAL STAFFING, INC.,          )
a Delaware Corporation;          )
ORIN PETE COUNCIL, M.D.; and     )
ROMULO G. PEREZ, M.D.,           )
                                 )
          Defendants.            )

## OPINION AND ORDER

This matter comes before the Court on the following filings:

- Motion to Re-Open, Set Aside Dismissal, Add an Indespensible Party, and for Equitable Relief to Amend the Terms of the Medical Reversionary Trust filed by Prospective Intervenors Barbara Lemmings and Oran Hurley, Jr. (Docket Entry #165);

- Motion to Allow Intervenors Access to Sealed Transcript filed by the Prospective Intervenors (Docket Entry #184); and

- Motion to Strike the Affidavit of, and Exclude Any Testimony of, Brant McGee filed by the United

States of America (Docket Entry #194).

On October 19, 2017, this Court conducted a hearing to receive argument and any evidence on the subject Motions. George Braly represented the Prospective Intervenors and Elliott Davis and Susan Brandon represented the United States of America.

Millard Lance Lemmings ("Lance") and his parents, Angela Kile and Jody Lemmings suing as "parents and next friends", initiated this action on August 8, 2000, alleging medical malpractice by Defendants during Lance's birth under the Federal Tort Claims Act. United States District Judge Frank H. Seay presided over the case. The undersigned acted as the settlement judge in the case.

On September 28, 2001, the case was announced as settled prior to the scheduled November 5, 2001 jury trial. The settled case was set for a hearing to determine the fairness of the settlement to the minor child. By the consent of the parties, the case was reassigned to the undersigned on October 22, 2001. The fairness hearing was conducted on October 25, 2001.

On October 25, 2001, Kile and Lemmings were appointed by the District Court in and for Garvin County, Oklahoma as the guardians of Lance's estate. The request for approval of the settlement which had previously been filed by the guardians in the State District Court was withdrawn that morning.[1]

---

[1] In a somewhat curious argument, the Prospective Intervenors attribute the withdrawal of this request to some unspecified underhanded or nefarious motive of either the guardians or the United States. The settlement was set before this Court for approval. Further approval of

At the hearing, Plaintiffs were represented by counsel of record, Larry Tawwater, Jo Slama, and Steve Davis. The United States was represented by Assistant United States Attorney Susan Brandon and Defendants Perez and CompHealth were represented by Tim Cheek. At the fairness hearing to consider the propriety of the settlement and whether it was in Lance's best interests, Plaintiffs' counsel recited the terms of the settlement into the record in considerable detail. The essential terms of the settlement was stated to be as follows:

- The total settlement was represented as $5,000,000.00 with $4,000,000.00 paid by the United States and $1,000,000.00 paid by Defendants Perez and CompHealth.
- The money was to be paid into two separate trusts for the benefit of Lance – (1) a trust ("Non-Governmental Trust") funded by the $1,000,000.00 paid by Defendants Perez and CompHealth to pay the quality of life of Lance and treatment not expressly covered by the second trust; and (2) a reversionary medical trust ("Irrevocable Governmental Trust") funded by the annuities purchased by the United States which covered the payments required by certain enumerated medical expenses incurred by Lance. The Irrevocable Governmental Trust was, by its terms,

---

the State District Court was not required by law and would have been duplicative. Moreover, the Prospective Intervenors' insinuations of planned obfuscation of the settlement from the State District Court is mere speculation without evidence or foundation.

established as a "secondary payor" after coverage was exhausted from Medicare, Medicaid, and any tribal or insurance benefits. In the event of Lance's death, the Irrevocable Governmental Trust benefits reverted to the United States.

- The Non-Governmental Trust was created "to fund benefits[,] care and/or improvements of the quality of life of the Grantor, Millard Lance Lemmings that are not covered or qualified under the Irrevocable Trust." Under the terms of the Non-Governmental Trust, the appointed trustee "shall only pay all expenses of Millard Lance Lemmings that are not covered, allowable, available, payable or qualified under the terms of the Irrevocable Reversionary Inter Vivos Medical Care Trust for the benefits of Millard Lance Lemmings." The Non-Governmental Trust was designated "only as a supplementary Trust to the Irrevocable Reversionary Inter Vivos Medical Care Trust for the benefit of Millard Lance Lemmings for expenses/care not qualified" for payment under any other benefit source.[2]

---

[2] The Non-Governmental Trust provides in its initial paragraph that "Millard Lance Lemmings, a minor child, as Grantor, by and through his parents and Guardians, Angela Kile and Jody Lemmings, . . . hereby establishes this Trust by payment of certain settlement proceeds from the United States of America, CompHealth, Inc. and Romulo G. Perez, M.D., and/or their insurance carriers, to the Trustee appointed in Article II, **with the approval of the District Court of Garvin County, Oklahoma** . . . . (The Millard Lance Lemmings Trust, Exh. B to United States' Response

> ▸ First National Bank of Ada (now Vision Bank N.A.) was designated as the trustee of both trusts

Testimony was received from both Kile and Lemmings. Both stated that they understood the settlement, had cared for Lance since birth, continued to care for him, and planned to continue to care for him in the future. By Order entered October 25, 2001, this Court approved the settlement. A Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims and Judgement Dismissing Action by Reason of Settlement were also entered on the same date. On October 26, 2001, a Release of Claims was filed. On December 5, 2001, a Stipulation of Dismissal With Prejudice was filed concluding the case. By its terms, the Stipulation did not retain jurisdiction in this Court to further affect the settlement or the trusts the settlement documents created.

On June 16, 2017, the Prospective Intervenors filed the subject Motion contending (1) material and inaccurate information was "apparently" presented to the Court to obtain the approval of the settlement; (2) this Court did not have jurisdiction to approve the settlement because a guardian ad litem was a necessary and

---

(Docket Entry #176) at Art. I.)(emphasis added by this Court). While settlement, in general, and the trustee, in particular, were not approved by the State District Court, this error in the agreement does not invalidate it and represents a failure without consequence. The Prospective Intervenors fail to persuasively argue that the omission of the State District Court approval when this Court measured and approved the settlement vitiates the overall settlement.

indispensable party but was not appointed to consider the propriety of the settlement for Lance; and (3) a conflict of interest existed between the interests of Lance's parents and Lance which required the appointment of a guardian ad litem. The Prospective Intervenors assert that Lance's parents failed to properly care for Lance and "effectively abandoned [him] in approximately 2011." As a result, the Prospective Intervenors allege Barbara Lemmings was appointed as Lance's guardian by the District Court in and for Garvin County, Oklahoma on January 24, 2017. Subsequently, Orin Hurley, Jr. was appointed Lance's co-guardian on May 26, 2017 to assist Ms. Lemmings. The Prospective Intervenors propose to re-open this case, vacate the dismissal, allow them to intervene in the case and to essentially re-write the terms of the Irrevocable Governmental Trust so that they may have access to the proceeds contained in this Trust.

For its part, the United States opposes the relief requested by the Prospective Intervenors. In its response, the United States counters that (1) the Prospective Intervenors cannot intervene in this action because they failed to comply with Fed. R. Civ. P. 24(c), failed to intervene in a timely fashion, and they cannot demonstrate Lance's interests are not already adequately represented in the action; (2) this Court lacks jurisdiction to consider the Prospective Intervenors' motion; and (3) the Irrevocable Governmental Trust cannot be modified by its terms.

Because any further consideration of the subject Motion is wholly dependent upon this Court's jurisdiction to consider the proposed relief, this Court addresses this threshold issue. Federal court jurisdiction is limited to that which is granted by the Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The presumption is that "a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. When a settlement results in the execution and entry of a stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii), "[n]either the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation." Id. at 378.

Such a stipulation of dismissal "is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court." Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989)(citations omitted). After the stipulation is filed, the action the merits is ended and the "unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Fed. R. Civ. P.] 60(b)." Id.

The Court then turns to the bases under Rule 60(b) cited by the Prospective Intervenors. They first contend the Court lacked

jurisdiction to bind Lance to the Court's final judgment because a necessary and indispensable party was missing from the action - a guardian ad litem. This represents an attack of the final judgment entered in this case - the stipulation of dismissal - as void under Rule 60(b)(4). A motion under this provision is not limited by the timeliness provisions of Fed. R. Civ. P. 60(c). Sindar v. Garden, 2008 WL 2805412, 3 (10th Cir.). However, "[i]n the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted. . . . A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." Id.(citations omitted).

Subject matter jurisdiction has not been questioned, but rather only the personal jurisdiction over Lance due to the failure to appoint a guardian ad litem. The appointment of a guardian ad litem is governed by Fed. R. Civ. P. 17(c). The Rule provides that a general guardian, a committee, a conservator, or a like fiduciary may sue or defend on behalf of a minor. Fed. R. Civ. P. 17(c)(1). The Rule also states

> (2) ***Without a Representative***. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person **who is unrepresented in an action**.
>
> Fed. R. Civ. P. 17(c)(2) (emphasis added by this Court).

The appointment of a guardian ad litem is committed to the discretion of the district court. Allstate Ins. Co. v. Brown, 920 F.2d 664, 672 (10th Cir. 1990). Lance's interests at the conclusion of the action were adequately represented by his parents, who brought the action, were caring for their minor son, and were appointed guardians by the state court. Nothing in the record indicated that the parents were not adequately representing their son's interests such that the ultimate judgment was rendered void.

The Prospective Intervenors repeatedly cite to the single case of Roberts v. Ohio Casualty Ins. Co., 256 F.2d 35 (5th Cir. 1958) in support of their proposition that the Court must expressly make findings that a guardian ad litem should not be appointed to represent the interests of a minor child. The Roberts decision is factually distinguishable from the case at hand. In that case, the minor children's mother was not a party to the cause of action "and neither she nor any other legal representative pressed the children's interests until after a judgment was entered against them. . . ." *See* Croce v. Bromley Corp., 623 F.2d 1084, 1093 (5th Cir. 1980). In this case, the parents were prosecuting the child's interests in the claims asserted as "next friends" and were heavily involved in the case through the fairness hearing. Moreover, the Prospective Intervenors' position that an inherent and actual

conflict exists when a parent and a child are to receive money from the settlement of a case is soundly rejected. They have not come forward with evidence that demonstrated that any of the involved parties or counsel believed the settlement to be unfair to Lance's interests but settled the case merely because they sought personal compensation. At the time, the parents were caring for Lance and would benefit from the trusts which were created for his care and well-being. On its face, a settlement of the magnitude reached in this case was not supported by the parents for their own self-interests. In practical application and well-focused hindsight, the Prospective Intervenors and Lance might benefit from accessing the Irrevocable Governmental Trust without the restrictions of its terms. But, in all likelihood, the settlement and size of the trusts would have been diminished had the reversionary term and restrictions on use of the Irrevocable Governmental Trust not been included.

The Prospective Intervenors also include in the reply that they seek relief under Fed. R. Civ. P. 60(b)(6) - for "any other reason that justifies relief." Such a motion must be "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Given the passage of over sixteen years, it is difficult for this Court to consider the motion as "made within a reasonable time." The Prospective Intervenors and the parents before them certainly were aware of the manner in which payment was practically being made over this

extended period of time but waited until now to bring the subject Motion. Additionally, a Rule 60(b)(6) motion is only granted "in extraordinary circumstances and only when necessary to accomplish justice." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996). Mistakes which led to entering into an "improvident bargain" does not provide the basis for relief under Rule 60(b)(6). Accordingly, this Court finds no basis in law to invade the finality of the stipulation of dismissal. The Court, therefore, lacks jurisdiction to consider the Prospective Intervenors' requested relief.[3]

Two additional motions were filed by the Prospective Intervenors which are tangential to the issue of this Court's jurisdiction to affect the stipulation of dismissal and the trust documents in this case. The United States filed a Motion to Strike the Affidavit of, and Exclude Any Testimony of, Brant McGee. Mr. McGee's affidavit was filed on October 12, 2017 by the Prospective Intervenors. Mr. McGee represents in the affidavit that he is an attorney admitted to the Alaska Bar Association and was a Public Advocate in that state who is familiar with the appointment of guardians ad litem. He is critical of the failure to appoint a

---

[3] This Court also agrees with the United States that this Court also lacks jurisdiction to modify the terms of the Irrevocable Governmental Trust. The Trust provides that its terms "may not be amended, modified, or changed in any respect" and purports to deprive the Court of the ability to do so. Irrevocable Governmental Trust, Art. XII. This Court does not wield unfettered authority to modify negotiated and compromised agreements between litigants.

guardian ad litem in this case and concludes he would not have approved of the settlement had he been Lance's guardian ad litem. Nothing Mr. McGee offers in his affidavit assists the Court in determining the status of jurisdiction over the action proposed by the Prospective Intervenors in the subject motion. Since the testimony represented in the affidavit does not assist on the relevant issue at hand, the United States' Motion is well-taken. Fed. R. Evid. 702; Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 595 (1993).

Also, the Prospective Intervenors requested access to the sealed transcript of the fairness hearing. Since this Court lacks the jurisdiction to grant the relief requested, intervention by the Prospective Intervenors would be futile. Since the Prospective Intervenors will not be permitted to intervene, they remain non-parties to the case and the settlement agreements who are not entitled to access to the sealed transcript of the fairness hearing.

IT IS THEREFORE ORDERED that the Motion to Re-Open, Set Aside Dismissal, Add an Indespensible Party, and for Equitable Relief to Amend the Terms of the Medical Reversionary Trust filed by Prospective Intervenors Barbara Lemmings and Oran Hurley, Jr. (Docket Entry #165) and Motion to Allow Intervenors Access to Sealed Transcript filed by the Prospective Intervenors (Docket Entry #184) are hereby **DENIED**.

IT IS FURTHER ORDERED that the Motion to Strike the Affidavit of, and Exclude Any Testimony of, Brant McGee filed by the United States of America (Docket Entry #194) is hereby **GRANTED**.

IT IS FURTHER ORDERED that this Opinion and Order is hereby **SEALED** since it contains terms of the settlement of this case and information from the sealed transcript of the fairness hearing. Access is granted to the Prospective Intervenors and parties to this action.

IT IS SO ORDERED this 11th of December, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE